**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:04 PM June 12, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONALD EDWARD CONN, SR., | ) | CASE NO. 13-62278 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Now before the court is a motion for entry of a hardship discharge on behalf of Debtor Ronald Edward Conn, Sr., deceased ("Debtor"). The chapter 13 trustee, Toby L. Rosen ("Trustee"), objects to the requested relief. The court held a hearing on April 8, 2015, after which the parties submitted briefs in support of their respective positions.

    The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a statutorily core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor and his wife ("Mrs. Conn") filed a joint chapter 13 petition on September 16, 2013. Their plan, confirmed on December 5, 2013, provided (1) no distribution for unsecured creditors, (2) for trustee to pay the on-going monthly payments and cure the arrearages on residential real estate titled to debtor, (3) for three junior liens on the residential real estate to be stripped and paid with unsecured creditors,[1] (4) for the cram-down of Debtor's loan on a 1996 GMC Suburban, (5) to pay delinquent real estate taxes, and (6) to pay Mrs. Conn's back child support payments. Payments were scheduled at $775.27 for thirty-six months.

A primary purpose of this plan was to save the residential real estate at 251 East Hanley Road, Mansfield. The property was titled solely in Debtor's name and the deed indicates he was not married when he obtained the property. He valued the property at $52,000.00 in his schedules and listed liens totaling approximately $53,000.00 against the property, including a first mortgage to Farmers State Bank in the amount of $33,000.00[2] and a second mortgage to Richland Bank in the amount of $20,000.00.[3] Although not listed on Schedule D, the plan also listed three judgment liens which were to be stripped and paid as unsecured claims. Only Richland Bank filed a judgment lien claim, number eleven, in the amount of $3,218.34. The Richland County Treasurer also filed a claim (#23) for real estate taxes in the amount of $1,960.48. Trustee paid approximately $6,081.00 on these claims, the bulk ($5,508.00) in payment of regular, on-going monthly mortgage payments. In September 2013, Trustee's appraiser valued the property at $76,000.

On August 11, 2014, a suggestion of death was filed for Mr. Conn, indicating he died on July 31, 2014. On September 12, 2014, a Notice of Voluntary Conversion was filed for both Debtors. On September 30, 2014, the court severed the case and vacated that Notice as it pertained to Mr. Conn, who, upon his death, was not eligible to convert to chapter 7. Mr. Conn's individual case was converted back to chapter 13. Trustee moved to dismiss the case on January 30, 2015. On February 23, 2015, counsel filed an amended motion for hardship discharge for Mr. Conn, now opposed by Trustee. The court held a hearing on April 8, 2015.

## DISCUSSION

Debtor claims he meets the requirements for a hardship discharge under 11 U.S.C. § 1328(b). A hardship discharge is conditioned on three criteria: (1) the debtor is not justly accountable for the circumstances preventing the completion of plan payments, (2) the payments that have been made meet the chapter 7 liquidation value, and (3) modification of the plan is impractical. <u>Cassim v. Educ. Credit Mgmt. Corp. (In re Cassim)</u>, 594 F.3d 432 (6th Cir. 2010). These three elements are not in dispute. The court finds that Debtor's death is not a circumstance for which he is justly accountable, that the chapter 7 liquidation has been met, and that modification of the plan is not practical.

---

1 No motion was filed to strip the judgment liens.
2 Claim filed on February 3, 2014 states balance is $32,772.85.
3 Balance, per amended claim filed on January 27, 2014, was $21,301.74.

A fourth consideration, and the one upon which Trustee bases her objection, evolves from Bankruptcy Rule 1016, the rule governing how a case proceeds upon the death or incompetency of a debtor. In applicable part, it states "if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed.R.Bankr.Pro. 1016. In furtherance of the rule, this court has considered the best interest of the parties when determining whether to grant a hardship discharge for a deceased debtor. In re Dickerson, 2012 WL 734160 (Bankr. N.D. Ohio 2012); In re Sales, 2006 WL 2668465 (Bankr. N.D. Ohio 2006). In past cases, including Dickerson and Sales, the court has considered the interests of the debtor, the creditors, spouses and an estranged spouse. This case involves similar interests: debtor, creditors and Debtor's surviving spouse ("Mrs. Conn"). Since a discharge will be of little benefit to a deceased debtor, the real inquiry in this case will be what is in the best interest of the creditors and Debtor's surviving spouse.

When the case was severed, and the court vacated Mr. Conn's conversion, Mrs. Conn remained in chapter 7. She has since obtained a discharge. In re Conn, Case No. 14-62156 (Bankr. N.D. Ohio 2014). As a result, she is not personally liable on Debtor's debts included in this case. Her main interest the hardship discharge is to avoid collection activity on Debtor's debts.

Trustee contends that it is in the best interest of creditors to allow this matter to be handled by Debtor's probate estate for several reasons. First, Trustee argues that there is equity in the real estate based on her appraisal of $76,000.00 compared to Debtor's $52,000.00 valuation, making a recovery for creditors possible. Mrs. Conn filed a probate case on behalf of her deceased spouse and became administrator on February 19, 2015. She claims that the residential real estate is the only asset. Debtor's will left her a life estate in the property but her affidavit indicates she cannot afford to maintain payments on the mortgages and expects the property to be foreclosed. Mrs. Conn averred in her affidavit that no creditors filed probate claims and the deadline to do so is expired. Thus, if there was equity in the real estate, no creditors stand to benefit from it in probate.

The court is not convinced there is equity. The four known liens total at least $55,000.00. Unfactored are Mrs. Conn's life estate, the accruing interest on the secured claims, post-petition real estate taxes, two unknown judgment liens, and sale costs. Since a motion to avoid the judgment liens was not filed, these liens remain. Even if Trustee is correct, and there is equity in the property to support a sale and recovery of money for the benefit of the probate estate, it would result in payment of the liens against the property as well as money to satisfy claims of prepetition and postpetition unsecured creditors. Since no creditors came forward in the probate case, equity would not inure to their benefit. Instead, it goes to Debtor's heirs. Creditors fare no better or worse under a hardship discharge, which will release only Debtor's personal liability on the claims. The in rem liability will remain. A foreclosure sale is unlikely to result in proceeds to satisfy all the lien claims. Consequently, unsecured creditors will fare no better or worse if Debtor is granted a hardship discharge.

Next, Trustee argues that Mrs. Conn has not proved that she has any interest in the real estate. The court agrees that there is a limited record of documentation to support her claim of a life estate in the property. However, Mrs. Conn did file an affidavit, under the penalty of perjury, that she received a life estate under Debtor's will. There is no evidence to the contrary.

The third argument presented by Trustee suggests that the benefit of Mrs. Conn's discharge is sufficient protection for her. Since there are no postpetition assets to protect from claims of Debtor's prepetition creditors, Mrs. Conn will not be burdened. While this is true, the court is willing to consider the benefit Mrs. Conn will receive in avoiding collection activity from Debtor's prepetition creditors. On the facts of this particular case, it is enough.

Because of her discharge, Mrs. Conn is relieved of liability on any joint debts that are included in this case. As a result, a hardship discharge for Debtor will not provide her with an extra advantage. The secured creditors have liens in place that will be unaffected by the discharge. The unsecured creditors have not opposed either the hardship discharge or filed claims in the probate case, leaving them no avenue for recovery. Consequently, the court finds no reason to deny Debtor an opportunity to obtain a hardship discharge.

A separate order will be issued immediately.

#    #    #

**Service List:**

Brian J Chisnell
PO Box 2668
1075 National Parkway
Mansfield, OH 44906-1908

Pamela Ann Conn
251 East Hanley Road
Mansfield, OH 44903

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702